**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**STEPHAN BROOKS RABY**                                          **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 1:08cv279-JMR**

**DAVID ALLISON**                                         **DEFENDANT**

___

**MEMORANDUM OPINION:**

This matters comes before the Court pursuant to a Motion [26-1] to Dismiss filed on behalf of Defendant, Sheriff David Allison, due to the failure of Plaintiff, Stephan Brooks Raby, to advise the Court of a change of address. After carefully considering the record of the proceedings, along with the applicable law, the Court finds that the Defendant's Motion [26-1] to Dismiss is well taken and should be granted.

Plaintiff filed this *pro se* § 1983 action on July 1, 2008. On July 3, 2008, the Court entered an Order [3-1] advising Plaintiff of his duty to timely inform the Court of any change in his mailing address. On January 7, 2009, Plaintiff appeared before the Court for an Omnibus Hearing in this matter. Pursuant to this Hearing, a "TEXT ONLY" Scheduling Order was entered which set Plaintiff's case for a Bench Trial on April 21, 2009. Additionally, both Plaintiff and Defendant consented to trial by Magistrate, and an Order[21-1] Reassigning Case was entered on January 8, 2009. The Court notes that on January 26, 2009, the envelope containing the NEF and this Court's Order [21-1] Reassigning Case were returned as undeliverable. *See* Docket Entry [ 25-1]. On February 2, 2009, Defendant filed the current Motion [26-1] to Dismiss for lack of prosecution.

On February 3, 2009, the Court utilized the Mississippi Department of Corrections website

to verify Plaintiff's whereabouts. The website indicated that Plaintiff had been transferred from Pearl River County Jail and into the custody of the Central Mississippi Correctional Facility ("C.M.C.F."). The Court contacted the Department of Inmate Records at CMCF, and confirmed that a "Stephan Raby" was currently incarcerated within the facility. The Records Clerk indicated that "Stephan Raby" could be reached at "Central Mississippi Correctional Facility, P.O. Box 88550, C.M.C.F. II, Building C, Zone A, Bed 55, Pearl, MS 39288."

That same day, the Court issued an Order [27] to Show Cause to the above address and requested that Plaintiff respond in writing to verify that he was the "Stephan Raby" currently incarcerated at the CMCF, and to show cause for failing to update the Court of the change in his address. Further, the Court cautioned Plaintiff that his failure to respond in a timely manner could result in the immediate dismissal of this action. Plaintiff's response was due on or before February 24, 2009. The Order to Show Cause was forwarded to Plaintiff by certified mail, return receipt requested. *See* Docket Entry [27-1]. On February 9, 2009, the Court received the return receipt card executed by CMCF, which indicated service of the Order to Show Cause. *See* Docket Entry [28-1].

Plaintiff failed to respond to this Court's Order [27-1] to Show Cause before the February 24, 2009, deadline. Therefore, on March 4, 2009, the Court issued a second Order [33-1] to Show Cause and provided Plaintiff a final opportunity to verify his new address. Plaintiff's Response was due on or before March 27, 2009. Further, Plaintiff was notified that failure to respond in a timely manner would result in immediate dismissal of this action, without prejudice, without further notice. On March 16, 2009, the Court granted Defendant's Motion [29-1] to Stay Proceedings until Plaintiff responded to the pending Order to Show Cause. On March 26, 2009, the envelopes containing this Court's Order [33-1] to Show Cause and Order [34-1] to Stay were returned as undeliverable. *See* Docket Entries [35-1; 36-1].

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calenders of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626,

629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit);*Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Plaintiff's failure to comply with this Court's orders has caused considerable delay and necessitated the rescheduling of Plaintiff's trial date. To date, the Plaintiff has failed to update his address or respond to either the February 3, 2009, or March 4, 2009, Orders [27-1; 33-1] to Show Cause. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that the Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on February 3, 2009, and again on March 4, 2009. Therefore, this Court finds that this case should be dismissed without prejudice for Plaintiff's failure to prosecute.

SO ORDERED this the __15th__ day of April, 2009.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE